UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILMINGTON TRUST, NA,<br><br>  Plaintiff,<br><br>v.<br><br>JAMES EDWARD MCCREARY, et al.,<br><br>  Defendants. | Case No. 19-cv-03007-JSC<br><br>**ORDER TO DEFENDANTS TO SHOW CAUSE AS TO WHY THIS CASE SHOULD NOT BE REMANDED**<br><br>Re: Dkt. No. 1 |

Defendants James Edward McCreary and Cheryl McCreary, proceeding pro se, removed this state-law unlawful detainer action to federal court from the Superior Court of Contra Costa County, California. Defendants invoke federal subject matter jurisdiction based solely on diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. No. 1.) Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of $75,000.

The defendant seeking removal "bears the burden of establishing that removal is proper" and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). Further, when a case is removed to federal court, the court has an independent obligation to satisfy itself that it has federal subject matter jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). A case removed to federal court must be remanded to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Here, the notice of removal is deficient because the amount in controversy requirement is not satisfied. "In unlawful detainer actions, the right to possession is contested, not title to the property, and plaintiffs may collect only damages that are incident to that unlawful possession."

*Fed. Home Loan Mortg. Corp. v. Pulido*, No. C 12-00277 LB, 2012 WL 40554, at *2 (N.D. Cal. Feb. 17, 2012). In other words, the value of the property does *not* count toward the amount in controversy. Here, the unlawful detainer action specifies that it is a small claims civil case "under $10,000.00," (Dkt. No. 1 at 4), and the plaintiff seeks "holdover damages" in the amount of $167.00 per day, accruing since the Notice to Quit expired on April 23, 2019, (*id.* at 5-6). That amount is well below the $75,000 threshold.

Further, pursuant to 28 U.S.C. § 1441(b)(2), a case "otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See also Spencer v. United States District Court*, 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal.") (citing 28 U.S.C. § 1441(b)). The notice of removal states that both Defendants are California citizens. Thus, removal is barred under section 1441(b)(2).

Accordingly, the Court ORDERS Defendants to SHOW CAUSE as to why this action should not be remanded to state court. Defendants shall respond in writing by June 17, 2019. If Defendants fail to respond or their response fails to establish a basis for federal subject matter jurisdiction, the Court will issue a report recommending that a district judge remand the action to the Contra Costa County Superior Court.

**IT IS SO ORDERED.**

Dated: June 5, 2019

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILMINGTON TRUST, NA,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES EDWARD MCCREARY, et al.,<br><br>    Defendants. | Case No. 19-cv-03007-JSC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 5, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Cheryl McCreary
James Edward McCreary
1230 Warner Court
Lafayette, CA 94549

Dated: June 5, 2019

Susan Y. Soong
Clerk, United States District Court

By/s/_____
Ada Means, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY